**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190793-U

Order filed August 23, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-19-0793 Circuit No. 16-CF-583 |
| MATTHEW A. KUROWSKI, | ) ) ) | Honorable Katherine S. Gorman, John P. Vespa, |
| Defendant-Appellant. | ) | Judges, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Presiding Justice McDade and Justice O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The circuit court did not abuse its discretion when it sentenced defendant to a term of 18 years' imprisonment following defendant's guilty plea to the charge of home invasion.

¶ 2     Defendant, Matthew A. Kurowski, pled guilty to the offense of home invasion and was sentenced to a term of 18 years' imprisonment. On appeal, defendant argues the circuit court imposed an excessive sentence by failing to consider all the statutory factors in mitigation and other important mitigating considerations.

¶ 3                                 I. BACKGROUND

¶ 4         On August 23, 2016, the State charged defendant by indictment with home invasion (720 ILCS 5/19-6(a)(2) (West 2016)) and residential burglary (*id*. § 19-3(a)). On May 18, 2017, defendant pled guilty to home invasion in exchange for a dismissal of the residential burglary charge. The plea agreement did not include an agreed sentence.

¶ 5         In conjunction with defendant's guilty plea, the State's factual basis provided that if the case proceeded to trial, the victim would testify that on or about August 3, 2015, the victim was at her home in Bartonville. When the victim answered her front door, she was sprayed in the face with pepper spray, pulled back into the living room, and pinned to the ground. Eventually, the person who assaulted her helped her to the bathroom and allowed her to rinse her face with water. Next, the victim heard someone say, "Let's go," and the victim saw between four and six individuals running out the front door of the residence.

¶ 6         A subsequent investigation led to defendant's confession. Defendant told law enforcement officers he attended the organized attack on the victim's home because defendant's drug dealer accused the victim's son of stealing a safe from the drug dealer. The drug dealer offered a $2000 cash reward for returning the stolen safe. In response, defendant and several others traced the stolen safe to the victim's home. Defendant admitted that after arriving at the victim's home, for the purpose of retrieving the stolen safe and other items, the victim was pepper sprayed.[1] Defendant forced the victim into the living room and applied downward pressure to her neck.

---

[1]At sentencing, defendant admitted to personally pepper spraying the victim.

¶ 7 According to defendant's statement, during the home invasion, the group stole two ounces of "dabs," a gas mask to consume cannabis, several pieces of cannabis paraphernalia, and the door to the previously stolen safe. Afterward, the group consumed the "dabs."

¶ 8 Defendant's presentence investigation report (report) revealed that defendant was 19 years old at the time of the offense. Defendant's criminal history included two petty traffic violations, one ordinance violation, and one misdemeanor theft charge, for which defendant received court supervision. The report indicated that defendant had a "rough childhood" and that defendant alleged parental neglect and/or physical abuse.

¶ 9 The report revealed defendant obtained a high school diploma, received average grades, and was suspended from school two or three times for skipping classes. Defendant reported that he joined the United States Marine Corps in 2014 but was discharged soon thereafter due to medical and mental health issues. The report documented that defendant held his first and only job at an Applebee's for approximately one month in 2016.

¶ 10 Defendant reported that he first smoked cannabis in June 2016. During that time period, defendant smoked cannabis one to two times every two weeks. Defendant could not recall if he was high at the time of the offense. Defendant reported that he had been diagnosed with bipolar disorder at age 12 and had taken various medications throughout his life. Defendant reported having suicidal thoughts around the age of 14. Defendant also reported that he regretted committing the instant offense and stated that he could not slow his mind to think before acting.

¶ 11 Lastly, the report indicated that two codefendants who were also charged with home invasion received 10 years and 12 years of incarceration, respectively. The two additional codefendants had not yet received sentences at the time the report was filed.

¶ 12    The circuit court conducted a sentencing hearing on August 18, 2017. The victim read her victim impact statement in open court and recounted being forced to her knees in her own living room. The victim recalled looking up to see one of her assailants holding a large wrench and thinking she would be beaten to death. The victim felt like she was in a horror movie. The victim sustained physical wounds, including swelling and bruising, and psychological wounds including, but not limited to, anxiety, post-traumatic stress disorder, and paranoia. The victim missed one month of work and can no longer stay in her home for long periods of time without experiencing fear. The victim hoped to overcome the side effects of the trauma and regain her old way of life through counseling and family support.

¶ 13    Defendant gave a statement of allocution to the court. Defendant advised the court that he regretted using cannabis, instead of his prescribed medications, to treat his mental health issues at the time of the offense. Defendant explained that his drug dealer would not allow defendant to make further cannabis-related purchases until defendant recovered the stolen property and offered defendant a $2000 reward. According to defendant, he did not receive the reward. Defendant was apologetic and contrite throughout his statement in allocution.

¶ 14    Before announcing the sentence, the circuit court stated on the record that the court considered the information contained in the report, together with the information contained in the supplement, and any medical documents and/or reports submitted to the court. The circuit court also considered the evidence presented, the victim impact statement, the arguments of counsel, the financial impact of incarceration, the statements on defendant's behalf, and defendant's statement of allocution. The court reflected on the history and character of defendant, defendant's education and job history, defendant's potential for rehabilitation, and the circumstances and nature of the offense. As a factor in mitigation, the court specifically found

4

that defendant had led a law-abiding life for a substantial period of time prior to the commission of the present crime. When addressing the factors in aggravation, the court found that defendant's conduct fell "just short" of causing or threatening serious harm but that the court would consider defendant's actions of pepper spraying the victim, forcing her to the floor, and holding her down. The court also found the evidence fell "just short" of establishing that defendant received compensation for the crime. The court found that incarceration was necessary to deter others from committing the same crime. Noting the severity of the crime of home invasion, the court sentenced defendant to 18 years' imprisonment.

¶ 15       On August 29, 2017, defendant filed a motion to reconsider sentence, which included, but was not limited to, a challenge to his sentence as excessive. The parties addressed defendant's motion to reconsider sentence before the court on August 31, 2017. The court denied defendant's motion to reconsider sentence and defendant appealed.

¶ 16       On March 18, 2019, this court remanded defendant's case to the circuit court for further postplea proceedings, based on counsel's failure to file a Supreme Court Rule 604(d) certificate.[2] Ill. S. Ct. R. 604(d) (eff. Jul. 1, 2017). On remand, this court ordered the filing of a Rule 604(d) certificate, a new postplea motion, and a *de novo* hearing on the postplea motion.[3] In accordance with the order, defense counsel filed a Rule 604(d) certificate and a motion to withdraw guilty plea and vacate judgment. Defendant's motion, which argued defendant's sentence was

---

[2]*People v. Kurowski*, No. 3-17-0585 (Mar. 18, 2019) (remanded with instructions).
[3]We note that because counsel's filing of a Rule 604(d) certificate was a condition precedent to the filing of defendant's August 29, 2017, motion to reconsider sentence, we treat the August 31, 2017, hearing on the motion as a nullity. See *People v. Porter*, 258 Ill. App. 3d 200 (1994).

5

excessive, was later determined by the parties to stand as a motion to reconsider sentence, rather than a motion to withdraw guilty plea and vacate judgment.[4]

¶ 17        On December 27, 2019, defendant's "motion to reconsider sentence" was heard by a judge other than the judge who sentenced defendant. The court recalled the procedural posture of the case, including defendant's plea, the factual basis, and the sentencing hearing. The court stated that the sentencing judge properly considered the relevant factors and stated:

> "after considering the PSI, the evidence that [the sentencing judge] heard at the sentencing [hearing] by both the State and [defendant] and his statement of allocution, [the court] sentenced [defendant] to a sentence that was in the middle of the range of 6 to 30 years. So I'm going to deny [defense counsel's] request [to reconsider sentence] for the reasons stated."

On December 31, 2019, defendant filed a timely notice of appeal.

¶ 18                                II. ANALYSIS

¶ 19        Defendant contends on appeal that the 18-year sentence he received was excessive because the sentencing court failed to consider all the applicable statutory factors in mitigation and failed to properly weigh other important mitigating information. The State argues defendant's sentence should be affirmed where the circuit court properly considered the requisite sentencing factors.

---

[4]The December 27, 2019, hearing transcript indicates that defense counsel erroneously believed the filing of a motion to withdraw guilty plea and vacate the judgment was necessary before defendant could challenge his sentence as excessive. Counsel's mistake was based on the belief that defendant entered into a negotiated guilty plea. However, Rule 604(d) provides "a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Because the parties here did not enter into an agreement regarding defendant's sentence or a sentencing range, we consider defendant's guilty plea non-negotiated. Thus, the filing of a motion to withdraw was not a necessary prerequisite to defendant's challenge to his sentence.

¶ 20    It is well established that "A reviewing court gives great deference to the trial court's judgment regarding sentencing because the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the 'cold' record." *People v. Alexander*, 239 Ill. 2d 205, 212-13 (2010) (quoting *People v. Fern*, 189 Ill. 2d 48, 53 (1999)). For this reason, a reviewing court's power to reduce a sentence under Illinois Supreme Court Rule 615(b)(4) should be exercised cautiously. *Alexander*, 239 Ill. 2d at 212; Ill. S. Ct. R. 615(b)(4). Sentences imposed by the circuit court may not be altered on review absent an abuse of discretion. *Alexander*, 239 Ill. 2d at 212; *People v. Patterson*, 2017 IL App (3d) 150062, ¶ 31. Where a sentence is within the statutory limits, it will not be deemed excessive and the result of an abuse of discretion unless the sentence is "greatly at variance with the spirit and purpose of the law, or [is] manifestly disproportionate to the nature of the offense. *People v. Stacey*, 193 Ill. 2d 203, 210 (2000).

¶ 21    Home invasion under section 19-6(a)(2) of the Criminal Code of 2012 is a Class X felony, which carries a statutory sentencing range of not less than 6 years and not more than 30 years. 720 ILCS 5/19-6(a)(2) (West 2016); see 730 ILCS 5/5-4.5-25(a) (West 2016). Although not required to do so, before imposing the 18-year sentence for home invasion, the circuit court carefully noted its consideration of the statutory mitigating factors and spoke about several of the relevant factors at length. See *People v. Smith*, 321 Ill. App. 3d 523, 537 (2001). Importantly, the court stressed the severity of defendant's crime. We are mindful that the most important sentencing factor is the seriousness of the offense, and the "court need not give greater weight to rehabilitation or mitigating factors than to the severity of the offense." *People v. Charles*, 2018 IL App (1st) 153625, ¶ 45.

7

¶ 22    In this case, the court focused on the severity of the offense and the impact this crime had upon the victim. Ultimately, the record establishes that the circuit court, among other things, considered and weighed the appropriate aggravating and mitigating factors in this case. This court will not grant defendant's request to substitute its judgment for the circuit court's judgment where the appropriate factors could have been weighed differently. See *Alexander*, 239 Ill. 2d at 213. Accordingly, we affirm defendant's sentence.

¶ 23                              III. CONCLUSION

¶ 24    The judgment of the circuit court of Peoria County is affirmed.

¶ 25    Affirmed.