**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200099-U

Order filed October 21, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0099 Circuit No. 13-CF-1080 |
| BRIAN D. PATTERSON, | ) ) ) | Honorable Kevin W. Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices Daugherity and Hettel concurred in the judgment.

**ORDER**

¶ 1       *Held*:   Postconviction counsel failed to provide a reasonable level of assistance.

¶ 2       Defendant, Brian D. Patterson, appeals the Peoria County circuit court's order dismissing

his postconviction petition at the second stage. Defendant argues that postconviction counsel

provided an unreasonable level of assistance because counsel failed to identify certain witnesses

referred to in the petition, support the petition with their affidavits, or explain how their

testimony would likely alter the outcome of his trial. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4            Defendant was charged with burglary (720 ILCS 5/19-1(a) (West 2012)). Prior to trial, trial counsel filed a witness list that included Brittany Ansteatt, Angelic Brachley, and Aimee Arnold. Both Brachley and Ansteatt were subpoenaed but only Brachley testified at trial. A jury found defendant guilty of burglary. The circuit court sentenced defendant to 21 years' imprisonment. Defendant filed a motion to reconsider which the court denied. Defendant appealed and this court affirmed his conviction and sentence. *People v. Patterson*, 2017 IL App (3d) 150062.

¶ 5            Defendant filed a petition for postconviction relief as a self-represented litigant wherein he argued "[p]etitioner was denied his right to the effective assistance of trial counsel where defense counsel failed to interview, subpoena or call any of the witnesses listed on the witness list that was filed by the defense for this case." The court appointed counsel to represent defendant in postconviction proceedings.

¶ 6            Postconviction counsel filed an amended postconviction petition which "expressly adopt[ed] and incorporate[d] *** any and all arguments set forth in [defendant's] Postconviction Petition." Additionally, the amended petition stated, "trial counsel was ineffective for failing to subpoena a key witness(es), including Brittany Ansteatt, who would have assisted in his defense of this matter and called into question a substantial portion of the State's case and but for that failure, the outcome of the proceedings would have been different." Postconviction counsel filed a Rule 651(c) certificate with the amended petition. The State filed a motion to dismiss.

¶ 7            At the hearing on the State's motion, postconviction counsel argued

2

"I think the most important thing for this Court's consideration with respect to the petition and the motion to dismiss is the Court has to accept as true all factual allegations that aren't positively rebutted by the record.

In this case, I think that the State is attempting in some ways to put the cart before the horse, for instance, stating that there's no evidence of these things. There's no evidence of these documents. Well, that's why we have a third-stage evidentiary hearing.

So the Court at this point just has to determine whether or not the allegations are factually sufficient as pled and whether or not they are positively rebutted by the record. If the Court finds that they are positively rebutted by the record, then I think the State is right, but I would suggest that they have not been positively rebutted by the record."

The court granted the State's motion. Defendant appealed.

¶ 8                                    II. ANALYSIS

¶ 9         Defendant argues that postconviction counsel provided an unreasonable level of assistance because counsel failed to identify certain witnesses referred to in the petition, support the petition with their affidavits, or explain how their testimony would likely alter the outcome of his trial.

¶ 10         "[T]he right to counsel in post-conviction proceedings is wholly statutory." *People v. Turner*, 187 Ill. 2d 406, 410 (1999). Thus, "petitioners are entitled only to the level of assistance provided by the Post-Conviction Hearing Act." *Id.* "[T]he Act requires counsel to provide a 'reasonable level of assistance.' " *Id.* (quoting *People v. Owens*, 139 Ill. 2d 351, 364 (1990)). To satisfy this standard, postconviction counsel must "[make] any amendments to the petitions filed

3

*pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). "The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel provided reasonable assistance." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. Overcoming this presumption is defendant's burden. *Id.* A Rule 651(c) certificate can be rebutted by the record. *People v. Perkins*, 229 Ill. 2d 34, 52 (2007). Whether postconviction counsel provided a reasonable level of assistance required by Illinois Supreme Court Rule 651(c) is subject to *de novo* review. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007).

¶ 11 "A post-conviction petition which is not supported by affidavits or other supporting documents is generally dismissed without an evidentiary hearing unless the petitioner's allegations stand uncontradicted and are clearly supported by the record." *People v. Johnson*, 154 Ill. 2d 227, 240 (1993). "In fact, our courts have specifically held that the absence of affidavits, records or other evidence in support of the post-conviction petition renders the petition insufficient to require an evidentiary hearing." *Id.* "In the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so." *Id.* at 241. Where postconviction counsel misunderstands the law concerning when affidavits are necessary to support a postconviction claim, counsel fails to provide a reasonable level of assistance. *People v. Waldrop*, 353 Ill. App. 3d 244, 250 (2004).

¶ 12 In the instant case, postconviction counsel filed a Rule 651(c) certificate. However, the record positively rebuts counsel's Rule 651(c) certificate, as the record clearly establishes that postconviction counsel misunderstood the law concerning which stage in the postconviction

4

proceedings requires affidavits. See *Johnson*, 154 Ill. 2d at 240. Counsel did not support the amended petition with affidavits from Ansteatt and Arnold. Since neither of these witnesses testified at trial, defendant's postconviction allegations required independent support in the form of affidavits. Accordingly, we reverse and remand for further second-stage proceedings.

¶ 13                                        III. CONCLUSION

¶ 14          The judgment of the circuit court of Peoria County is reversed and remanded.

¶ 15          Reversed and remanded.